Frederick Vonseydewitz
2635 Karen Ct., Apt. 419
Las Vegas, NV 89109
702 930-4807
Fvonseydewitz@gmail.com
Plaintiff in Pro Se

```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
        COUNSEL/PARTIES OF RECORD

        SEP 20 2021

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Frederick Vonseydewitz, ) <br>     Plaintiff ) <br> ) <br> vs. ) <br> ) <br> Ascenda USA, Inc. (DBA 24-7 Intouch, Inc.); ) <br> DOES I through X, inclusive, and ROE ) <br> Business Equities I through X, inclusive, ) <br>     Defendant(s) ) | Case No. 2:21-CV-01203 <br><br> **PLAINTIFF'S INITIAL RULE 26 DISCLOSURE STATEMENT** |

    Plaintiff, Frederick Vonseydewitz, in pro se, pursuant to Rule 26 hereby discloses the following information:

This Disclosure Statement is based upon investigation conducted and made available to Plaintiff, as of this date. Further investigation and discovery may be necessary and the product of such may result in new or different witnesses, exhibits, and issues relating to causation and damages. Therefore, this Disclosure Statement is not intended to be a complete statement of Plaintiff's theories, witnesses or exhibits; rather, it is an initial assessment of same, subject to ongoing supplementation. Should any attempt be made to utilize the contents of this pleading before a jury, fairness requires that this preliminary statement also be read to the jury and that the jury be duly informed that the evidence therein was evidence available at the time of its filing.

## I. FACTUAL BASIS OF THE COMPLAINT

The injury giving rise to this case occurred between March 2020 and March 2021. The injury occurred while in the employ of Ascenda USA, INC. (dba 24-7 Intouch, Inc.).

## II. LEGAL THEORY

In Nevada, an employer has an obligation to provide a safe place to work. That means being proactive and addressing conditions that may lead to injuries. An employer MUST address ANY situation that poses an unreasonable risk of injury or death. See NRS 618.385(3) "An employer shall not: Fail or neglect to do every other thing reasonably necessary to protect the life, safety and health of such employees." Defendant failed to protect the life, safety and health of it's employee, Frederick Vonseydewitz by intentionally not providing the proper safeguards and equipment to perform his job functions safely.

## III. WITNESSES

1. Frederick Vonseydewitz - It is anticipated Plaintiff will testify regarding his recollection of the events that led to his injuries. Plaintiff is also expected to testify regarding the facts and circumstances surrounding the subject injuries, as well as to the nature, duration and extent of his injuries sustained.

2. Any and all witnesses with knowledge to the subject injuries, if discovered. Plaintiff will supplement the names and specific testimony if it is learned, through the course of discovery, there are any witnesses with information pertinent to Plaintiff's injuries, other than the parties themselves.

3. Any and all of Plaintiff's health care providers and treating physicians, before and following the subject injuries.

      a. Dr. Lawrence Smith, DC APRN
      b. Dr. Grant Karno, MD
      c. Dr. Alexander Imas, MD

It is anticipated that the above-named individuals or representatives of the above-named facilities will testify with regard to the treatment provided to Plaintiff, both before and after the subject injuries. It is expected they may also comment on the reasonableness and necessity of the treatment received and expenses incurred. Further, they may comment on any diagnosis or prognosis made with regard to Plaintiff's conditions related to his injuries.

4. Any and all custodians of record or other witnesses who are needed to establish a foundation for exhibits listed to be used at the time of arbitration or trial.

5. Without waiving any objections, any and all witnesses listed by the Defendant in their disclosure statement and all supplements even if later withdrawn.

## IV. ADDITIONAL PERSONS HAVING RELEVANT INFORMATION

At this time, Plaintiff is unaware of any additional persons believed to have relevant information. Should such persons come to Plaintiff's attention through the course of further discovery, Plaintiff will promptly supplement this Disclosure Statement.

## V. PERSONS WHO HAVE GIVEN STATEMENTS

At this time, Plaintiff is unaware of any persons who have given statements. Should such persons come to Plaintiff's attention through the course of further discovery, Plaintiff will promptly supplement this Disclosure Statement.

## VI. ANTICIPATED SUBJECT AREAS OF EXPERT TESTIMONY

Plaintiff anticipates obtaining testimony from treating and/or expert medical specialists concerning the Plaintiff's injuries, or any other expert to render an opinion regarding the proximate cause of the injuries and the forces involved. Plaintiff further reserves the right to elicit expert opinions from the witnesses listed by Defendant and to retain an expert to rebut any opinions proffered by Defendant's experts.

## VII. COMPUTATION AND MEASURE OF DAMAGES

Lost Wages: $13,440.00 (28 weeks approximate loss of income)

Future Medical Expenses: $ Unknown – Expert opinion to be supplemented

Future Impairment to Earn Income: $ Unknown – Expert opinion to be supplemented

Punitive: $ Unknown - To be decided at trial

## VIII. EXHIBITS TO BE USED AT TRIAL

1. Injury Report.

2. Post-injury photographs of Plaintiff's workstation.

3. All medical records and itemized billing statements pertaining to Plaintiff incurred as a result of the subject accident.

4. Plaintiff's employment records, income tax returns, and W-2s for the past five (5) years.

5. Plaintiff reserves the right to create demonstrative aids for use at arbitration or trial and move into evidence any courtroom exhibits.

6. Without waiving objection, any and all exhibits listed by Defendant in their Disclosure Statement and any supplements.

7. Any and all responses to discovery that have been generated in this matter and any responses generated in the future, including, but not limited to, Answers to Interrogatories, Responses to Requests for Production of Documents, and Requests for Admissions, and all documents gained through authorization or subpoena.

8. Without waiving objection, any and all deposition transcripts generated in this matter including any and all exhibits.

9. Without waiving objection, any and all pleadings, discovery responses and other tangible documents produced, served, exchanged or filed in the course of this litigation.

10. The report and curriculum vitae of any experts in this matter.

11. Plaintiff reserves the right to supplement exhibits as more become available.

## IX. ADDITIONAL DOCUMENTS

1. At this time, Plaintiff is unaware of any additional documents. However, if additional documents are discovered between the date of this Disclosure Statement and the time of trial, Plaintiff will supplement his Disclosure Statement in a timely manner.

2. Defendant required to disclose the Declaration page for each applicable insurance policy that provided coverage to Defendant.

## X. RELEVANT INSURANCE INFORMATION

1. Not Applicable to Plaintiff

2. Defendant is required to disclose the liability policy limits that were available and in force at the time of the subject injuries.

Respectfully submitted this 16th day of September, 2021.

By: _____
Frederick Vonseydewitz – Plaintiff in Pro Se

### Order

IT IS ORDERED that ECF No. 30 is stricken from the docket. Parties may not file discovery documents on the docket (unless they are filed in connection with a proper filing) or the Court orders otherwise. *See* LR 26-7; LR IC 7-1 (the Court may strike documents that do not comply with the Local Rules).

**IT IS SO ORDERED**
**DATED:** 10:46 am, September 22, 2021

_____
**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

## Certificate of Service

I, Frederick Vonseydewitz, certify on the date indicated below, I served a copy of this **PLAINTIFF'S INITIAL RULE 26 DISCLOSURE STATEMENT** upon all parties to the matter by mailing it first-class mail with sufficient postage prepaid to the following address:

> Fisher & Phillips, LLP
> Lisa A. McClane, Esq.
> Marian M. Massey, Esq.
> 300 S. Fourth St., Suite 1500
> Las Vegas, NV 89101

Courtesy copy sent via email to the above party at: lmcclane@fisherphillips.com

By: _____  DATED: September 16, 2021.
Frederick Vonseydewitz – Plaintiff in Pro Se

Frederick Vonseydewitz
2635 Karen Ct., Apt. 419
Las Vegas, NV 89109

LAS VEGAS NV 890
17 SEP 2021 PM 4 L

XRAYED US MARSHALS SERVICE

US District Court
District of Nevada
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

RECEIVED ____
FILED ____
ENTERED ____
SERVED ON ____
COUNSEL/PARTIES OF RECORD

SEP 20 2021

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ____ DEPUTY